# In the United States Court of Federal Claims

No. 19-1742C
Filed: February 17, 2023
NOT FOR PUBLICATION*

---

**THOMAS CREEK LUMBER AND LOG CO.,**

*Plaintiff,*

**v.**

**UNITED STATES,**

*Defendant.*

---

*Darren Brent Carpenter*, Jordan Ramis PC, Lake Oswego, OR, for the plaintiff, with *Joseph A. Yazbeck, Jr.*, of counsel.

*Ebonie I. Branch*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for the defendant, with *Benjamin R. Hartman*, U.S. Department of Agriculture, of counsel.

## MEMORANDUM OPINION

*HERTLING*, Judge

In this dispute arising out of a timber contract between the plaintiff, Thomas Creek Lumber and Log Co. ("Thomas Creek"), and the U.S. Forest Service, the parties have filed cross-motions for summary judgment on issues relating to the plaintiff's breach-of-contract and breach-of-warranty claims.

Although the Court makes no findings of fact at this stage of the litigation, it appears that the Forest Service estimated in the prospectus for the timber sale that reconstruction of the roads necessary to access the timber subject to the contract would cost $98,776.50. The plaintiff argues that it paid the Forest Service $18,900 to calculate the road-reconstruction cost. Thomas Creek paid its sub-contractor more than $210,000 to build the roads. The plaintiff now claims

---

* A version of this opinion was delivered on the record at the conclusion of oral argument held on February 16, 2023, and an appropriate order in accordance with this memorandum opinion was thereafter entered. (ECF 66.)

that the Forest Service owes it the difference between the Forest Service's erroneous estimate and the actual cost of reconstructing the roads—or $114,148.82.

The plaintiff moves for partial summary judgment on the grounds that Thomas Creek was entitled to rely on the Forest Service's road-reconstruction estimate in the prospectus and that Thomas Creek is entitled to recover the difference between the estimated cost and actual cost of road reconstruction. (ECF 54.) The defendant moves for summary judgment asserting it did not guarantee its estimate for the costs of reconstructing the roads and, in any event, its estimate was reasonable and did not breach any duty to the plaintiff. (ECF 56.)

The defendant's motion for summary judgment is granted as to the plaintiff's breach-of-warranty claim but denied as to the plaintiff's breach-of-contract claim. The plaintiff's motion for summary judgment is denied.

## I.   DISCUSSION

Under Rule 56(a) of the Rules of the Court of Federal Claims ("RCFC"), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The plaintiff's complaint alleges two claims for relief: breach of warranty and breach of contract.

### A.   Breach of Warranty

In *Oman-Fischbach Int'l (JV) v. Pirie*, the Federal Circuit defined a warranty as "'an assurance by one party to an agreement of the existence of a fact upon which the other party may rely; it is intended precisely to relieve the promisee of any duty to ascertain the facts for himself.'" 276 F.3d 1380, 1383-84 (Fed. Cir. 2002) (quoting *Dale Constr. Co. v. United States*, 168 Ct. Cl. 692, 699 (1964)).

The Federal Circuit articulated in *Oman-Fischbach* a three-part test to determine whether a breach of warranty has occurred. First, the defendant must have assured the plaintiff of the existence of a fact. Second, the defendant must have intended that the plaintiff be relieved of the duty to ascertain the existence of that fact for itself. Third, the fact must have proved untrue. Contractual language disclaiming responsibility for the veracity of a fact may defeat a breach-of-warranty claim. *See id.*

In this case, the plaintiff argues that the road-reconstruction estimate in the prospectus contained an implied warranty of reasonable accuracy. The defendant argues that any such warranty was disclaimed in the prospectus and the bid form.

There is no genuine dispute of material fact concerning the plain language of the prospectus and bid form. Two provisions of the prospectus and bid form are relevant: paragraph 8 of the prospectus, (ECF 55-5; ECF 56-4), and paragraph 23 of the bid form, (ECF 55-6; ECF 56-5).

2

Paragraph 8 of the prospectus provides, in all capital letters: "CONSTRUCTION ESTIMATES AND INFORMATION CONTAINED HEREIN, TOGETHER WITH RELATED SPECIFICATIONS, ARE NOT GUARANTEED." (ECF 55-5 at 3.)

Paragraph 23 of the bid form provides that "[b]efore submitting this bid, the Bidder is advised and cautioned to inspect the sale area, . . . and take other steps as may be reasonably necessary to ascertain . . . the construction estimates . . . . Failure to do so will not relieve the Bidder from responsibility for completing the contract." (ECF 55-6 at 4.)

The bid form also required Thomas Creek to warrant that the bid was "submitted solely on the basis of its examination and inspection" of the timber and "its costs of recovery, without any reliance on Forest Service estimates of . . . costs of recovery." Thomas Creek agreed to hold "the Forest Service harmless for any error, mistake, or negligence regarding estimates except as expressly warranted against in the sample contract." (*Id.*)

The Court assumes, for the sake of argument, that the Forest Service assured the plaintiff of the fact that the road could be constructed for $98,776.50, and that the first prong of the test in *Oman-Fischbach* is met.

Even assuming the first prong is met, the plaintiff cannot prevail on the second prong of the test in *Oman-Fischbach*. That prong requires the plaintiff to show that the Forest Service intended Thomas Creek to rely on its road-reconstruction estimate. The language of the prospectus and bid form evinces the opposite: the Forest Service emphasized that Thomas Creek should not rely on the road-reconstruction estimate and should instead perform its own site inspection.

The plaintiff thus cannot prevail on its breach-of-warranty claim, and that claim must be dismissed.

### B.    Breach of Contract

The Federal Circuit has set forth a four-part test for a party to recover for a breach of contract. *Oliva v. United States*, 961 F.3d 1359, 1362 (Fed. Cir. 2020). First, there must be a valid contract between the parties. Second, there must be an obligation or duty arising out of that contract. Third, there must be a breach of that duty. Fourth, the breach must have caused damages to the non-breaching party.

As to the first element of the test, the parties have not put the full contract in evidence on their motions for summary judgment. Accordingly, the existence of a valid contract cannot be determined at this stage of the litigation. Nonetheless, neither party has disputed the existence of some sort of agreement between the parties. It appears that both parties behaved as if some contract, quasi-contract, or contract implied-in-fact existed. For the purposes of these cross-motions, the first element of the test articulated in *Oliva* is assumed to have been met. 961 F.3d at 1362.

The second element of the test, however, is at the heart of the dispute between the parties. The parties disagree on whether the Forest Service had a duty to estimate the costs of road

reconstruction with reasonable accuracy. If such an obligation existed, the parties' positions also diverge as to whether the Forest Service breached that obligation by providing a grossly erroneous estimate and whether that breach caused the plaintiff damages.

The parties focus their arguments on provisions from the prospectus and bid form. The parties' reliance on those documents, however, poses analytical challenges. The prospectus notes, in its first paragraph, that it "is not a legally binding document." (ECF 55-5 at 1.) Additionally, the bid form binds the bidder and constitutes the entire agreement of the parties only "until a written contract is executed." (ECF 55-6 at 4.) The terms of the bid form are material parts of "the Bidder's offer," but it is unclear from the parties' appendices whether and to what extent the terms of Thomas Creek's bid were incorporated into the final contract. (*Id.*) The legal validity of the prospectus and bid form and their interplay with the actual contract are open questions of law that must be resolved before the breach-of-contract claim can be resolved on the merits; those questions cannot yet be resolved.

The plaintiff has filed a portion of the contract between the parties as exhibit 8. (ECF 55-8.) The contract submitted in evidence appears, however, to incorporate many provisions that do not appear in full in that version. Nonetheless, the plaintiff has included one relevant provision as exhibit 12, titled "DEPOSIT FOR RECONSTRUCTION ENGINEERING SERVICES." (ECF 55-12.)

That provision provides that the purchaser "shall make a cash deposit for engineering services (preconstruction and construction) provided by Forest Service for reconstruction of National Forest system roads necessary to accommodate Purchaser's use under this contract . . . ." (*Id.*) Under this provision, Thomas Creek was to pay the Forest Service $18,900. In return, the contract provides that the Forest Service "shall complete reconstruction related engineering services," including "preparing, setting out, controlling, inspecting, and measuring the reconstruction of a National Forest system road." (*Id.*)

The plaintiff's implicit position is that this contract provision requires the defendant to calculate the cost of reconstructing the road with reasonable accuracy. The defendant's implicit position is that this provision contained no warranty that the estimate would be accurate.

The first step in resolving the parties' dispute is to determine whether this contract language is ambiguous as to the Forest Service's obligations under the contract. "A contract term is unambiguous when there is only one reasonable interpretation. . . . If more than one meaning is reasonably consistent with the contract language, then the contract term is ambiguous." *Grumman Data Sys. Corp. v. Dalton*, 88 F.3d 990, 997 (Fed. Cir. 1996) (internal citation omitted). The question therefore becomes whether both parties' interpretations of this contract provision are reasonable.

The Federal Circuit has instructed:

> Before an interpreting court can conclusively declare a contract ambiguous or unambiguous, it must consult the context in which the parties exchanged promises. Excluding evidence of trade practice

4

and custom because the contract terms are "unambiguous" on their
face ignores the reality of the context in which the parties contracted.
That context may well reveal that the terms of the contract are not,
and never were, clear on their face. On the other hand, that context
may well reveal that contract terms are, and have consistently been,
unambiguous.

*Metric Constructors, Inc. v. Nat'l Aeronautics & Space Admin*., 169 F.3d 747, 752 (Fed. Cir.
1999).

Not only is a complete copy of the contract missing from the parties' appendices, but the
context for that contract is a material factual issue genuinely in dispute. For example, was the
presence of snow during the bidding period unusual? What is the industry practice for inspecting
sites when the weather is uncooperative? As a factual matter, was the plaintiff prevented from
inspecting the site and estimating the costs to construct the road itself?

Overall, at the heart of this case is whether the plaintiff's reliance on the road-
construction estimate was "reasonable." That question, as is typical for any determination of
reasonableness, is inherently a factual one. That reality is illustrated by the cases cited by the
plaintiff. For example, in *Timber Investors, Inc. v. United States*, the court concluded that the
plaintiff was entitled to rely on the Forest Service's estimate based on the contract only after a
trial on the merits. 218 Ct. Cl. 472, 474 (1978). Ruling at this juncture that the plaintiff's
reliance on the Forest Service's estimate was either reasonable or unreasonable, based only on
the prospectus and bid form, which are documents of questionable legal validity, would run afoul
of RCFC 56(a).

If the contract provision unambiguously imposed on the Forest Service an affirmative
obligation to estimate the cost of road reconstruction accurately, there would remain a genuine
dispute as to whether the Forest Service performed under the contract. Section 253 of the
Second Restatement on Contracts explains that "any defect in performance, even an insubstantial
one, prevents discharge [of performance]." Further, "anything short of full performance is a
breach, even if the party who does not fully perform was not at fault and even if the defect in his
performance was not substantial." *Id.*

The parties dispute whether the estimate was in fact grossly erroneous. The defendant
requests summary judgment on this issue, while the plaintiff contends that this issue constitutes a
material fact in dispute. The parties submit their expert reports in support of their respective
positions.

The plaintiff is correct that this issue is not fit for resolution on summary judgment. In
*Anderson v. Liberty Lobby, Inc.*, the Supreme Court held that "[c]redibility determinations, the
weighing of the evidence, and the drawing of legitimate inferences from the facts" are better
resolved at trial rather than on motion for summary judgment. 477 U.S. 242, 255 (1986).

The parties also disagree on whether Thomas Creek could have mitigated its damages,
which is the fourth and final part of the test articulated in *Oliva*. 961 F.3d at 1362. The

defendant argues that Thomas Creek should have mitigated its damages by seeking bids from additional potential sub-contractors or by asking the Forest Service to reconstruct the roads in the first place.  The plaintiff argues that it received only one bid despite soliciting bids from multiple potential sub-contractors.  The plaintiff also argues that it could not ask the Forest Service to perform the required construction because of the circumstances of the bidding process.  The parties attempt to resolve all issues—both liability and quantum of damages—in a single round of briefing.

Assessment of whether a non-breaching party adequately mitigated its damages typically is relevant only to the quantum of damages, not to a finding of liability.  *See, e.g.*, *Home Sav. Am. v. United States*, 399 F.3d 1341, 1352-53 (Fed. Cir. 2005) (evaluating whether the plaintiff mitigated the damages of the breach as part of its review of the proper calculation of damages).  The issue of whether Thomas Creek mitigated damages of the breach is thus irrelevant to an initial finding of a breach.  As already discussed, a breach of contract cannot be found at this stage of the litigation.

Relatedly, the defendant's argument that the plaintiff could have mitigated its damages by electing to have the Forest Service build the roads must be rejected.  It is impossible for a party to a contract to mitigate its damages from a breach of contract before the breach occurs.  A breach of contract could not occur until after the contract was formed.  Thomas Creek's selection on the bid form predated contract formation, which must predate any potential breach.  Thomas Creek's representations on the bid form are thus irrelevant to any potential mitigation of damages.

As to whether Thomas Creek should have solicited more bids, it is true that a non-breaching party to a contract must take reasonable efforts to mitigate damages.  *See Robinson v. United States*, 305 F.3d 1330, 1333 (Fed. Cir. 2002).  Whether Thomas Creek's efforts to mitigate its damages were reasonable, however, is a question of fact.  Moreover, there is an asserted factual dispute as to whether Thomas Creek solicited bids from multiple potential sub-contractors, although evidence on that question is missing.  Raising this issue in a motion for summary judgment is therefore doubly problematic: not only is this issue irrelevant until a breach has been found, but it also depends on material facts in dispute.  It would be inappropriate to consider whether Thomas Creek mitigated its damages at this stage of the litigation.

## II.   CONCLUSION

In sum, the defendant's motion for summary judgment is granted as to the plaintiff's breach-of-warranty claim but denied as to the plaintiff's breach-of-contract claim.  The plaintiff's motion for summary judgment is denied in its entirety.

It is unclear at this juncture which legal provisions bind the parties and whether they are ambiguous or unambiguous.  Factual development surrounding the context of the contract is necessary to resolve the plaintiff's claims.  Additional disputes of material fact, mentioned but by no means exhausted by this ruling, also preclude summary judgment.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**